IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MELVIN WAYNE HUNTER BARNETT                                    PLAINTIFF

        v.                          Civil No.  11-5047

SHERIFF KEITH FERGUSON; CAPTAIN
HUNTER PETRAY; CAPTAIN ROB
HOLLY; NURSE MARSHA SMITH;
NURSE GAIL HARTGRAVES; and
DR. JOHN HUSKINS                                               DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        Plaintiff, Melvin Barnett, filed this case pursuant to 42 U.S.C. § 1983.  He proceeds *pro se*

and *in forma pauperis*.  Before me for consideration is the motion to dismiss filed by the

Defendants (Doc. 20).

        According to the motion to dismiss, Defendants provided Plaintiff with written notice that

his deposition would be taken on April 5, 2012, beginning at 3:00 p.m. at the Offices of Rainwater,

Holt & Sexton Law Firm located at 3396 North Futrall Drive, Suite 2, Fayetteville, Arkansas.

        At approximately 2:15 p.m., on April 5th, Plaintiff called defense counsel's Little Rock

Office and stated he did not intend to appear at his deposition.  When defense counsel spoke with

Plaintiff, he informed defense counsel that he did not have transportation to appear for the

deposition.

        Defendants ask that the case be dismissed based on Plaintiff's failure to appear.

Additionally, they ask that Plaintiff be required to pay the reasonable expense, including attorney's

fees, caused by the failure.

AO72A
(Rev. 8/82)

Plaintiff has not filed a response to the motion to dismiss.  On July 5, 2012, an order (Doc. 22) was entered directing Plaintiff to show cause by July 18, 2012, why this action should not be dismissed and Defendants awarded their reasonable expenses in light of Plaintiff's failure to appear at his deposition.  Plaintiff has not responded to the show cause order.

I recommend that Defendants' motion to dismiss (Doc. 20) be granted and the case dismissed with prejudice.  Defendants should be directed to submit their costs associated with the aborted deposition.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of July 2012.

/s/ *Erin L. Setser*
    HON. ERIN L. SETSER
    UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)